Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew S. Chalson
Marta A. Godecki
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

*Attorneys for Plaintiff*
*Takeda Pharmaceuticals U.S.A., Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC., <br> *Plaintiff*, <br> v. <br> SUN PHARMACEUTICAL INDUSTRIES LTD., <br> *Defendant*. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> (Filed Electronically) |

Plaintiff Takeda Pharmaceuticals U.S.A., Inc. ("Plaintiff" or "Takeda"), by its attorneys,

for its complaint against Sun Pharmaceutical Industries Ltd. ("Defendant" or "Sun") alleges as

follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent Nos. 9,493,470 (the "'470 patent"), 11,192,895 (the "'895 patent"), 11,192,897 (the "'897 patent"), and 11,384,086 (the "'086 patent") (collectively, the "Patents-in-Suit"), all owned by Takeda, under the patent laws of the United States, 35 U.S.C. §100, *et seq.*  This action arises from Sun's submission of Abbreviated New Drug Application ("ANDA") No. 218126 ("Sun's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of ICLUSIG® (ponatinib) prior to the expiration of the Patents-in-Suit.

## THE PARTIES

2.      Takeda is a corporation organized and existing under the laws of Delaware, having its principal place of business at 500 Kendall Street, Cambridge, MA 02142.

3.      On information and belief, Sun is an entity organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1 Western Express Highway, Goregaon (E), Mumbai-400063, Maharashtra, India.

## THE PATENTS-IN-SUIT

4.      On November 15, 2016, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '470 patent, entitled "Crystalline forms of 3-(imidazo[1,2-B] pyridazin-3-ylethynyl)-4-methyl-N-{4-[(4-methylpiperazin-1-yl) methyl]-3-(trifluoromethyl)phenyl}benzamide and its mono hydrochloride salt."  A copy of the '470 patent is attached as Exhibit A.

5.      On December 7, 2021, the USPTO duly and lawfully issued the '895 patent, entitled "Crystalline forms of 3-(imidazo[1,2-B] pyridazin-3-ylethynyl)-4-methyl-N-{4-[(4-

- 2 -

methylpiperazin-1-yl) methyl]-3-(trifluoromethyl)phenyl}benzamide and its mono hydrochloride salt." A copy of the '895 patent is attached as Exhibit B.

6.      On December 7, 2021, the USPTO duly and lawfully issued the '897 patent, entitled "Crystalline forms of 3-(imidazo[1,2-B] pyridazin-3-ylethynyl)-4-methyl-N-{4-[(4-methylpiperazin-1-yl) methyl]-3-(trifluoromethyl)phenyl}benzamide and its mono hydrochloride salt." A copy of the '897 patent is attached as Exhibit C.

7.      On July 12, 2022, the USPTO duly and lawfully issued the '086 patent, entitled "Crystalline forms of 3-(imidazo[1,2-B] pyridazin-3-ylethynyl)-4-methyl-N-{4-[(4-methylpiperazin-1-yl) methyl]-3-(trifluoromethyl)phenyl}benzamide and its mono hydrochloride salt." A copy of the '086 patent is attached as Exhibit D.

## THE ICLUSIG® DRUG PRODUCT

8.      ICLUSIG® (ponatinib) is indicated for the treatment of adult patients with acute lymphoblastic leukemia and chronic myeloid leukemia, as set forth in the FDA-approved prescribing information.

9.      Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") with respect to ICLUSIG®.

10.     The claims of the Patents-in-Suit cover, *inter alia*, crystalline forms of ponatinib hydrochloride, compositions comprising crystalline forms of ponatinib hydrochloride, methods of treating chronic myeloid leukemia, and methods of treating acute lymphoblastic leukemia.

11.     The FDA-approved labeling for ICLUSIG® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to orally administer ICLUSIG® according to one or more methods claimed in the Patents-in-Suit.

- 3 -

**JURISDICTION AND VENUE**

12.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.     On information and belief, Sun is in the business of, among other things, developing, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

14.     On information and belief, Sun prepares and submits ANDAs to the FDA, including Sun's ANDA.  The Orange Book identifies "SUN PHARMACEUTICAL INDUSTRIES LTD" as the holder of an ANDA for more than 500 prescription products.  On information and belief, Sun is the ANDA holder for generic pharmaceutical products that Sun sells and/or distributes throughout the United States.

15.     On information and belief, Sun's website states that it is the "fourth largest specialty generic pharmaceutical company in the world."  https://sunpharma.com/worldwide/ (last visited July 1, 2026).

16.     On information and belief, Sun derives substantial revenue, directly or indirectly, from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

17.     On information and belief, Sun will work towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including those described in Sun's ANDA, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the Patents-in-Suit.

18.     On information and belief, Sun intends to benefit directly if Sun's ANDA is approved, including by participating in the manufacture, importation, distribution, and/or sale of the generic drug product that is the subject of Sun's ANDA.

19.     On information and belief, this Judicial District is a likely destination for the generic drug product described in Sun's ANDA.

20.     This Court has personal jurisdiction over Sun because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in the State of New Jersey; and (2) maintains extensive and systematic contacts with the State of New Jersey, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey (*see, e.g.*, ¶¶ 13-16).

21.     In the alternative, this Court has personal jurisdiction over Sun because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met, as (a) Plaintiff's claims arise under federal law; (b) Sun is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Sun has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun satisfies due process.

22.     This Court also has personal jurisdiction over Sun because, *inter alia*, it has committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and on information and belief, Sun intends a future course of conduct that includes acts of patent infringement in New Jersey.  These acts have led and will continue to lead to foreseeable harm and injury to Plaintiff in New Jersey and in this Judicial District.

23. On information and belief, Sun has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in numerous prior patent cases.

24. Sun has previously been sued in this Judicial District, has availed itself of New Jersey courts (including this Court) through initiating litigation in New Jersey (including this Court) and/or through asserting counterclaims in suits brought in New Jersey (including this Court), and has not challenged personal jurisdiction in New Jersey. *See, e.g.*, *Takeda Pharm. Co., Ltd. v. Sun Pharm. Indus. Ltd.*, No. 26-2051 (D.N.J.); *TherapeuticsMD, Inc., et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 24-7974 (D.N.J.); *Sun Pharm. Indus. Ltd., et al. v. Novartis Pharm. Corp., et al.*, No. 19-21733 (D.N.J.); *Sun Pharm. Indus. Ltd v. Pfizer Inc., et al.*, No. 19-09330 (D.N.J.); *Sun Pharm. Indus. Ltd, et al. v. VistaPharm, Inc.*, No. 19-07536 (D.N.J.).

25. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## ACTS GIVING RISE TO THIS SUIT

26. Pursuant to Section 505 of the Federal Food, Drug, and Cosmetics Act ("FD&C Act"), Sun submitted Sun's ANDA seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of ponatinib hydrochloride tablets, 10 mg, 15 mg, 30 mg, and 45 mg strengths ("Sun's ANDA Product") before expiration of the Patents-in-Suit.

27. On information and belief, following FDA approval of Sun's ANDA and before expiration of the Patents-in-Suit, Sun, unless enjoined by this Court, will make, use, offer for sale, or sell Sun's ANDA Product throughout the United States, or import such generic product into the United States.

28.    On information and belief, in connection with the submission of Sun's ANDA as described above, Sun provided written certification to the FDA pursuant to Section 505 of the FD&C Act and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification").

29.    By letter dated May 21, 2026, Sun purported to provide notice pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95 to Takeda ("Sun's Notice Letter") that Sun had submitted Sun's ANDA to the FDA with a Paragraph IV Certification, seeking approval to commercially manufacture, use, sell, offer for sale, or import Sun's ANDA Product before expiration of the Patents-in-Suit.

30.    Sun's ANDA Product is intended to be a generic version of ICLUSIG®.

## COUNT I
### Infringement of U.S. Patent No. 9,493,470

31.    Plaintiff repeats and realleges the preceding paragraphs above as if fully set forth herein.

32.    Sun's submission of ANDA No. 218126 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Product before the expiration of the '470 patent constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A).

33.    There is a justiciable controversy between the parties hereto as to infringement of the '470 patent.

34.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will infringe one or more claims of the '470 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.

35.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will induce infringement of one or more claims of the '470 patent under 35 U.S.C. § 271(b) by

making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States. On information and belief, upon FDA approval of Sun's ANDA, Sun will intentionally encourage acts of direct infringement with knowledge of the '470 patent and knowledge that its acts are encouraging infringement.

36.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will contributorily infringe one or more claims of the '470 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States. On information and belief, Sun has had and continues to have knowledge that Sun's ANDA Product is especially adapted for a use that infringes one or more claims of the '470 patent and that there is no substantial non-infringing use for Sun's ANDA Product.

37.    Sun has had knowledge of the '470 patent since at least the date of Sun's ANDA submission.

38.    Plaintiff will be substantially and irreparably harmed if Sun's infringement of the '470 patent is not enjoined. Plaintiff does not have an adequate remedy at law.

39.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### Infringement of U.S. Patent No. 11,192,895

40.    Plaintiff repeats and realleges the preceding paragraphs above as if fully set forth herein.

41.    Sun's submission of ANDA No. 218126 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Product before the expiration of the '895 patent constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

42. There is a justiciable controversy between the parties hereto as to infringement of the '895 patent.

43. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will infringe one or more claims of the '895 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.

44. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will induce infringement of one or more claims of the '895 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.  On information and belief, upon FDA approval of Sun's ANDA, Sun will intentionally encourage acts of direct infringement with knowledge of the '895 patent and knowledge that its acts are encouraging infringement.

45. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will contributorily infringe one or more claims of the '895 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.  On information and belief, Sun has had and continues to have knowledge that Sun's ANDA Product is especially adapted for a use that infringes one or more claims of the '895 patent and that there is no substantial non-infringing use for Sun's ANDA Product.

46. Sun has had knowledge of the '895 patent since at least the date of Sun's ANDA submission.

47. Plaintiff will be substantially and irreparably harmed if Sun's infringement of the '895 patent is not enjoined.  Plaintiff does not have an adequate remedy at law.

48. This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT III
### Infringement of U.S. Patent No. 11,192,897

49.    Plaintiff repeats and realleges the preceding paragraphs above as if fully set forth herein.

50.    Sun's submission of ANDA No. 218126 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Product before the expiration of the '897 patent constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

51.    There is a justiciable controversy between the parties hereto as to infringement of the '897 patent.

52.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will infringe one or more claims of the '897 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.

53.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will induce infringement of one or more claims of the '897 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.  On information and belief, upon FDA approval of Sun's ANDA, Sun will intentionally encourage acts of direct infringement with knowledge of the '897 patent and knowledge that its acts are encouraging infringement.

54.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will contributorily infringe one or more claims of the '897 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.  On information and belief, Sun has had and continues to have knowledge that

Sun's ANDA Product is especially adapted for a use that infringes one or more claims of the '897 patent and that there is no substantial non-infringing use for Sun's ANDA Product.

55.    Sun has had knowledge of the '897 patent since at least the date of Sun's ANDA submission.

56.    Plaintiff will be substantially and irreparably harmed if Sun's infringement of the '897 patent is not enjoined.  Plaintiff does not have an adequate remedy at law.

57.    This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT IV**
**Infringement of U.S. Patent No. 11,384,086**

58.    Plaintiff repeats and realleges the preceding paragraphs above as if fully set forth herein.

59.    Sun's submission of ANDA No. 218126 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Product before the expiration of the '086 patent constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

60.    There is a justiciable controversy between the parties hereto as to infringement of the '086 patent.

61.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will infringe one or more claims of the '086 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.

62.    Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will induce infringement of one or more claims of the '086 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the

United States.  On information and belief, upon FDA approval of Sun's ANDA, Sun will intentionally encourage acts of direct infringement with knowledge of the '086 patent and knowledge that its acts are encouraging infringement.

63.     Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will contributorily infringe one or more claims of the '086 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Sun's ANDA Product in or for the United States.  On information and belief, Sun has had and continues to have knowledge that Sun's ANDA Product is especially adapted for a use that infringes one or more claims of the '086 patent and that there is no substantial non-infringing use for Sun's ANDA Product.

64.     Sun has had knowledge of the '086 patent since at least the date of Sun's ANDA submission.

65.     Plaintiff will be substantially and irreparably harmed if Sun's infringement of the '086 patent is not enjoined.  Plaintiff does not have an adequate remedy at law.

66.     This case is an exceptional one, and Plaintiff is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A Judgment that Sun has infringed one or more claims of the Patents-in-Suit by submitting ANDA No. 218126;

B.     A Judgment that Sun's making, using, selling, offering to sell, or importing Sun's ANDA Product will infringe one or more claims of each of the Patents-in-Suit;

C.     An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 218126 be a date that is no earlier than the later of the expiration of each

of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

D.      Preliminary and permanent injunctions restraining and enjoining Sun and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with it and/or them, from making, using, offering to sell, selling, or importing Sun's ANDA Product until after the expiration of each of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

E.      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Sun and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with it and/or them, from practicing any of the subject matter claimed in the Patents-in-Suit, or actively inducing or contributing to the infringement of any claim of the Patents-in-Suit, until after the expiration of each of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

F.      A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Sun's ANDA Product will directly infringe, induce, and/or contribute to infringement of one or more claims of each of the Patents-in-Suit;

G.      To the extent that Sun committed any acts with respect to the subject matter claimed in the Patents-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiff damages for such acts;

H.      If Sun, its officers, agents, attorneys, and employees, and/or those acting in privity and/or concert with it and/or them, engages in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Sun's ANDA Product prior to the expiration of

- 14 -

the Patents-in-Suit, a Judgment awarding damages to Plaintiff resulting from such infringement, together with interest;

I.      A Judgment declaring that each of the Patents-in-Suit remains valid;

J.      A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

K.      Any such other and further relief as this Court may deem just and proper.

- 15 -

Dated:  July 1, 2026

OF COUNSEL:

F. Dominic Cerrito
Angus Chen
Andrew S. Chalson
Marta A. Godecki
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

By: s/ Charles M. Lizza
    Charles M. Lizza
    Sarah A. Sullivan
    Alexander L. Callo
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey 07102-5426
    (973) 286-6700
    clizza@saul.com

*Attorneys for Plaintiff Takeda*
*Pharmaceuticals U.S.A., Inc.*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1</u>

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter in controversy involves patents at issue and one of the same plaintiffs in the matters captioned *Takeda Pharms. America, Inc., et al. v. Teva Pharmaceuticals, Inc., et al.*, Civil Action 22-7454 (D.N.J.) (KM)(AME); *Takeda Pharms. America, Inc., et al. v. Apotex Inc.*, Civil Action 22-6151; (D.N.J.) (KM)(AME); and *Takeda Pharms. America, Inc., et al. v. Apotex Inc.*, Civil Action 21-12998 (D.N.J.) (KM)(AME).  These cases were filed on December 21, 2022, October 18, 2022, and June 25, 2021, respectively, and dismissed on August 20, 2023, November 2, 2022, and February 8, 2023, respectively.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  July 1, 2026

By: s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

OF COUNSEL:

F. Dominic Cerrito
Angus Chen
Andrew S. Chalson
Marta A. Godecki
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

*Attorneys for Plaintiff Takeda Pharmaceuticals U.S.A., Inc.*